### BACON v. CENTRAL LIFE ASSUR. SOC.
(No. 7340.)

Court of Civil Appeals of Texas. Austin.
May 1, 1929.

Bailey & Bailey, of Dallas, for appellant.
Coker & Wilson and Lawrence H. Rhea, all of Dallas, for appellee.

BAUGH, J. Appeal from a judgment for $10,814.25, in favor of appellee against appellant on promissory notes executed by him to appellee society while he represented it as its district agent at Dallas, Tex. The appellant represented the appellee in the Dallas territory under a written contract of agency. He admitted the execution of said notes, but sought by cross-action to recover from the appellee on a quantum meruit basis $500 a month during the period of his said agency for services which he alleged that he rendered to the appellee, at its request, during the period of his agency, but outside of and additional to the services required of him under his agency contract. He alleged that in addition to the services provided for in the contract he handled death claims, renewed lapsed policies, collected premiums, effected changes of beneficiaries for policyholders, and rendered other services not provided for in the written contract of agency, of the reasonable value, in addition to the commissions provided for in the written contract, of $500 per month. All these allegations were expressly denied by the appellee. The case was submitted to the jury on the following special issue: "Did the defendant, Wm. Bacon, with the knowledge and consent of the plaintiff, Central Life Assurance Society perform any services on behalf of the plaintiff Society between the dates of July 10th, 1923, and March 7th, 1925, additional to the services required of the defendant Bacon under the written contract of agency then existing between the parties?"

The jury answered this question "No." No objection was made to this issue, and no other issues were requested. In connection with this issue the appellant requested the court to give the jury the following instruction: "You are instructed that the written contract introduced in evidence covers and applies only to the production or writing of new business by the defendant, Wm. Bacon and does not cover any services performed outside of the writing of such new business."

This appeal is predicated on the sole proposition that the court erred in its refusal to give this instruction. The appellant contends that, the agency contract in evidence being clear and unambiguous, its interpretation became a question of law for the court, and that under article 2189, Revised Statutes 1925, requiring the court in special issue cases to submit "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues," the requested instruction should have been given.

This suit was not upon said contract; nor is it contended that said contract contained any terms requiring explanation. It was clear and unambiguous, and the services therein provided for needed no further explanation than the provisions of the contract itself. The alleged services for which the appellant sought to recover compensation

were outside of and independent of those provided for in the contract. These services were alleged to have been of the specific character above stated. Appellee insists that the instruction requested was, under such circumstances, upon the weight of the evidence. Regardless of this, however, and even conceding that the requested instruction was proper, we have concluded that such error, if any, was harmless. There was no contention made either by the appellee or by appellant that the services for which he sought compensation were in any manner included within the provisions of the contract. The sole issue made by the pleadings and the evidence was whether or not the appellant did in fact render the services alleged by him. He pleaded and testified that he did so render them at the request of the appellee. This was expressly denied by the appellee, and the assistant secretary of the society, whose duty it was to handle such matters, testified that not only did the society not request the appellant to render any such services, but that the records kept by the witness showed that no such services were in fact rendered, except in the settlement of a few death claims which the appellant requested that he be permitted to settle, and which permission was granted in order to assist him in writing additional business by reason thereof. Under these circumstances, conceding that the requested charge should have been given, the jury could in no wise have been misled by the failure to give it. The issue being clearly drawn as to whether the services alleged, which were admittedly not covered by the agency contract, were in fact rendered by appellant, it is manifest, we think, that the jury needed no explanation of said contract in determining such clear-cut issue of fact.

The judgment of the trial court is affirmed. Affirmed.